E-FILED
Friday, 13 July, 2012 03:54:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL WISNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3142 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court

1

must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He suffers from bipolar disorder, which makes him prone to mood swings and "uncontrolled verbal reactions" when provoked or threatened.

Plaintiff is five foot, three inches tall, 125 pounds, with red hair and freckles. He alleges, "I appear much younger than I am and this in and of itself creates an environment both in the TDF and the Prison System wherein I am seen as an individual that is easily victimized or taken advantage of." (Complaint, ¶ 7). Various Defendants have allegedly exacerbated the situation by openly degrading Plaintiff, calling him

3

"punk," "jail bait," "prison bitch," "baby," "hooker," and "suggest[ing] [Plaintiff] would enjoy a good rape every now and then." (Complaint, ¶¶ 8, 10, 12, 44). Plaintiff contends that this taunting puts him in a dangerous situation by broadcasting his vulnerability and making him a target for sexual predators. He further alleges that he is frequently or continually placed with roommates who are sexual predators or who exacerbate his bipolar disorder. Additionally, Defendant Williams allegedly introduced Plaintiff to another resident (Richard Webb) on the pretext that Webb, who allegedly has legal training, could help Plaintiff with his legal problems. However, Webb is allegedly known throughout the facility as a sexual predator. Webb allegedly told Plaintiff that Webb was "cuffing" Plaintiff because Williams had "given" Plaintiff to Webb. (Complaint, p. 18).

On March 20, 2012, Plaintiff believed that he was confined to his room for a "cool down." Plaintiff asked over the intercom whether his cool down had ended. Defendant Sandstrom denied knowledge of a cool down. Plaintiff then asked to speak to a "white shirt." Sandstrom responded by calling Plaintiff names. Plaintiff and his roommate began

4

talking about taking court action to end the pervasive verbal abuse by guards. Unbeknownst to Plaintiff, Defendant Sandstrom was still listening on the intercom and overheard the remarks. Eleven Defendants rushed into Plaintiff's room and "body slammed" Plaintiff into a plastic property box. Defendants Kelly and Mantzke, both heavy set men, then sat on Plaintiff until he could no longer breathe. Plaintiff was then carried off to segregation and the health care unit, where he was treated for injuries. Plaintiff asked if photos could be taken of the injuries, but Defendant Parsons responded that Plaintiff should "shut up" and that Parsons could arrange to have the staff "kick Plaintiff's ass" at any time. (Complaint, ¶ 19). Though Plaintiff allegedly was unable to walk after the incident, Defendant Williams refused to allow Plaintiff to use crutches, for purported security reasons. Additionally, Plaintiff was written a false disciplinary report after the incident, accusing him of creating a disturbance.

Plaintiff's untreated bipolar disorder may have played a role putting Plaintiff at risk of such an incident. Plaintiff had been receiving medication for his bipolar disorder, but Defendant Tinwalla discontinued

the medicine and failed to otherwise treat the condition, and failed to inform staff about Plaintiff's condition. Defendants Tinwalla, Roth, Wilcynski, and Atkinson continued to refuse to treat Plaintiff's bipolar disorder after the incident, even though Plaintiff informed them that he was suffering severe mood swings, high anxiety, and irregular sleep patterns.

## ANALYSIS

Plaintiff's claims are analyzed like those of a pretrial detainee, which means his claims fall under the Fourteenth Amendment's due process clause. However, much of the analysis is borrowed from the Eighth Amendment standard applicable to inmates serving their convictions. *See* Rosario v. Brawn, 670 F.3d 816, 821 (7th Cir. 2012)(same deliberate indifference standard applies).

Plaintiff states a claim that the Defendants involved in his cell extraction on March 20, 2012 used excessive force, and perhaps also a bystander claim that the Defendants standing nearby failed to intervene to stop that excessive force. The exact legal standard for an excessive force claim under the due process clause is subject to reasonable debate.

*See* Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment."); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . ."). However, the debate is irrelevant at this point, since Plaintiff states an excessive force claim under even the Eighth Amendment. *See* Hudson v. McMillian, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline.").

Plaintiff also states a plausible claim that Defendants' actions put him at a substantial risk of serious harm through the verbal taunting, the failure to treat Plaintiff's bipolar disorder, and the "giving" of Plaintiff to a known sexual predator. Verbal taunts alone may not be actionable, but the taunts must be viewed in the context of the setting, a detention

7

center for sexually violent persons.  The taunts arguably publicly target Plaintiff as a vulnerable resident, one easy to victimize, and possibly convey the message that prison guards might condone or turn a blind eye to the abuse of Plaintiff.  Inferring a substantial risk of assault created by these taunts is not too far a stretch in the Court's opinion.  Similarly, a plausible inference arises that the failure to treat Plaintiff's bipolar disorder puts him at serious risk of harm from incidents of excessive force like the one he described: he essentially alleges that he is unable to control at least some of his behavior if his disorder is left unchecked.  And, the alleged refusal to house Plaintiff with a "safe" inmate arguably puts Plaintiff at risk because of his vulnerability and bipolar disorder, though this claim is less clear.  Lastly, a plausible inference arises that Defendant Williams put Plaintiff at a serious risk of substantial harm by allegedly signaling to resident Webb that Plaintiff was available for victimization.  At this point the Court will not attempt to delineate the claim any further other than saying that a variety of Defendants' actions arguably put Plaintiff at a substantial risk of serious harm.

      Plaintiff also states a claim that the failure to treat his bipolar

disorder amounts to deliberate indifference to his serious medical needs. Rice v. Correctional Medical Services, 675 F.3d 650, 671 (7th Cir. 2012)(jail has obligation to provide psychiatric care to pretrial detainees). Plaintiff's own description of his condition suggests that it is serious, and deliberate indifference can be inferred from Defendants' alleged refusal to treat him despite his pleas. At this point the Court also cannot rule out a claim of deliberate indifference to his need for psychiatric and/or medical treatment after the alleged assault. Determinations of which Defendants are involved in each of these claims will await a more developed record.

Plaintiff may also have a First Amendment claim for retaliation against him for voicing his objection to Defendants' actions, stating his intent to file a lawsuit, and asking that photographs be taken of his injuries. Further delineation of this claim should also await Defendants' input.

As for the false disciplinary ticket, that might be considered part of the retaliation claim. If Plaintiff is trying to make out a separate procedural due process claim, he must allege facts to plausibly suggest that he suffered a constitutionally significant deprivation as a result of

the false ticket. Plaintiff does not give any details about the disciplinary hearing or punishment he received on the ticket. Plaintiff may file a motion to amend his complaint with these details if he so wishes.

IT IS THEREFORE ORDERED:

    1) The hearing scheduled for July 23, 2012, is cancelled. The clerk is directed to notify Plaintiff's detention facility of the cancellation.

    2) Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following claims: 1) excessive force based on the incident on March 20, 2012; 2) deliberate indifference to the creation of a substantial risk of serious harm; 3) deliberate indifference to Plaintiff's serious psychiatric needs; 4) deliberate indifference to Plaintiff's need for medical and psychiatric care after the alleged excessive force; and, 5) retaliation for exercising protected First Amendment rights. Accordingly, Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3) The Clerk is directed to attempt service of the Complaint and

this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this

Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on August 27, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video

conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers. Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: July 13, 2012

FOR THE COURT:

                                    s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE